# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MORGAN COX,

    Plaintiff,

vs.

VERISON BUSINESS NETWORK SERVICES, INC.,

    Defendants.

Case No.14-CV-127-JHP-FHM

## OPINION AND ORDER

Plaintiff's Motion to Quash Subpoenas and For Protective Order, [Dkt. 35], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and is ripe for decision.

Plaintiff, a former employee of Defendant, alleges Defendant failed to pay wages, including overtime compensation, retaliatory termination, and retaliatory failure to rehire after she lodged complaints under the Fair Labor Standards Act and the Oklahoma Protection of Labor Act. Defendant has issued subpoenas to employers for whom Plaintiff worked after she left Defendant's employ. The subpoenas seek production of all personnel and payroll records for Plaintiff from these subsequent employers. Plaintiff seeks to quash these subpoenas claiming that the information is beyond the scope of discovery and discovery of the information by Defendant would be improperly invasive and harassing.

Relevancy is broadly defined for discovery purposes. Fed.R.Civ.P. 26. Indeed, Plaintiff recognizes that discovery of some information from her subsequent employers is appropriate and that wage and benefit documents are relevant to a claim of mitigation. [Dkt. 35, pp. 2, 9]. The court finds that personnel and payroll records from Plaintiff's subsequent employers are relevant for discovery in this action.

Plaintiff complains that the subpoenas are facially overbroad in that they seek all personnel information without any limitation. While that objection might be appropriately asserted in a different case, it is not appropriate here. Plaintiff has three subsequent employers. She worked for one for two days, another for eight days, and the third one for nineteen days. The assertion that Defendant has engaged in a wide ranging oppressive fishing expedition does not fit the circumstances presented. As a result, there is no basis for quashing the subpoenas.

Plaintiff's Motion to Quash Subpoenas and For Protective Order, [Dkt. 35], is DENIED.

SO ORDERED this 7th day of April, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE